IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL H. PETERSON, DAVID S. TUCKER, and R. CURTIS PALMER,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE CO.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' SHORT-FORM DISCOVERY MOTION<br><br>Case No. 2:17-cv-00306-TC-DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(A). (ECF No. 35.) The Second Amended Complaint alleges that Defendant Nationwide Mutual Insurance Co. violated the overtime provisions of the Fair Labor Standards Act. (*See* ECF No. 24.) Plaintiffs Michael H. Peterson, David S. Tucker, and R. Curtis Palmer, filed a short-form discovery motion seeking to compel answers to three interrogatories asking Defendant to "[i]dentify each task [the three individual Plaintiffs] performed without manager approval. (ECF No. 34 at 18, 36, 50). Defendant timely responded to the motion. (ECF No. 37). The court did not hear oral argument.

## ANALYSIS

I. **Plaintiffs' motion to compel will be denied because Defendant adequately answered the interrogatories**

   a. **Parties' arguments**

Plaintiffs' motion seeks to compel responses to the three interrogatories related to tasks each Plaintiff performed without manager approval. (*See* ECF No. 34 at 1–4, 18, 36, 50).

Plaintiffs' motion is somewhat unclear, but appears to suggest Defendant only responded by objecting to the three interrogatories. (*Id.* at 3). On January 24, 2018, Defendant informed Plaintiffs that Defendant did not track specific instances where Plaintiffs acted without a supervisor's approval, but that Defendant would produce Plaintiffs' claims logs as evidence of Plaintiffs' use of judgment and discretion. (*Id.*) Plaintiffs contend the court should compel additional answers because the information sought is relevant. Plaintiffs suggest Defendant could glean additional information from personnel, but that Defendant "refuses to respond." (*Id.* at 4).

Defendant points out that, notwithstanding its objections, it answered the interrogatories at issue by promising to provide the job description applicable to each Plaintiff's position and each Plaintiff's claims log (subject to an agreement regarding a protective order). (ECF No. 37 at 2). Defendant further indicated it does not keep records regarding instances when Plaintiffs performed tasks without approval from a supervisor. (*Id.*) Also, the day before Plaintiffs filed the instant motion, Defendant offered to provide additional responses to the interrogatories, which Defendant provided on February 9, one week after Plaintiffs filed their motion. (*Id.*) Defendant contends that any information Plaintiffs seek that has not been provided in Defendant's interrogatory response can be obtained by deposition. (*Id.*)

    **b. Analysis**

While the thrust of Plaintiffs' motion is somewhat unclear, Plaintiffs have not demonstrated entitlement to any relief. Below, the court will address three conceivable readings of Plaintiffs' motion.

First, Plaintiffs appear to suggest Defendant did not answer the three interrogatories at issue. This is simply not accurate. After stating its objections, Defendant answered the

interrogatories by indicating it would produce the Plaintiffs' job descriptions and claims log. (*See* ECF No. 37 at 2) (citing ECF No. 34 at 18, 36–37, 50–51). Accordingly, Defendant responded to the interrogatory.

Next, Plaintiffs' motion could be read to suggest that Defendant's reference to various documents cannot constitute a proper answer to the interrogatories. To the extent Plaintiffs suggest this, Plaintiffs are incorrect. "If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by" identifying the records and allowing an inspection. Fed. R. Civ. P. 33. Plaintiffs offer no argument that suggests they face any more burden than would Defendant in obtaining an answer from Defendant's business records. It appears to the court that the burden is roughly equal because Defendant does not track the specific information Plaintiffs seek. Accordingly, the court finds Defendant's response to the interrogatory adequate.

Finally, Plaintiffs might be attempting to compel Defendant to ask Plaintiffs' former supervisors about this information. To the extent Plaintiffs seeks such relief, the motion fails because Plaintiffs have not offered any authority to support that request. Moreover, Defendant's February 9 supplemental response indicates those individuals do not track instances in which Plaintiffs perform tasks without approval from a supervisor. (*See* ECF No. 37 at 3). Accordingly, even assuming Plaintiffs were entitled to compel Defendant to ask their supervisors about this information; Defendant has apparently already asked those supervisors. To the extent Plaintiffs have further questions for these individuals, the court agrees with Defendant that Plaintiffs

should depose the individuals it desires to question, rather than compel Defendant to undertake that work on Plaintiffs' behalf.

## **ORDER**

Based on the foregoing, the court hereby,

**DENIES** Plaintiffs' Short Form "Motion to Compel Defendant to Answer Interrogatories Submitted Under Fed. R. Civ. P. 33." (ECF No. 34).

Dated February 14, 2018.

_____
Dustin B. Pead
United States Magistrate Judge